J-S24014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAMEON RAWLINGS, | : | |
| | : | |
| Appellant | : | No. 2638 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 29, 2017
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): No. CP-09-CR-0007291-2016

BEFORE:   BENDER P.J.E., STABILE, J. and STRASSBURGER, J.[*]

CONCURRING STATEMENT BY STRASSBURGER, J.:     Filed: July 30, 2020

I join the Memorandum of the learned Majority.  I write separately only to caution the reader that this memorandum should not be considered a salvo against the exclusionary rule.

Appellant alleges that the Commonwealth erred in failing to file the search warrant with the Bucks County Clerk of Courts.  Relying on **Commonwealth v. Rucci**, 670 A.2d 1129 (Pa. 1996), we hold today that a good faith violation of a non-constitutional technical Rule of Criminal Procedure does not warrant exclusion.  This is a far cry from holding that the fruits of an unconstitutional search should be excluded if the police acted in

_____

[*] Retired Senior Judge assigned to the Superior Court.

good faith. There is no good faith exception to the exclusionary rule in Pennsylvania. ***Commonwealth v. Carper***, 172 A.3d 613 (Pa. Super. 2017).

PJE Bender joined in this concurring statement.

Judge Stabile joined in this concurring statement.